# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERTO CARLOS MIRANDA HERNANDEZ,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**MARY DE AND A-YBARRA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN, ERO EL PASO CAMP EAST MONTANA; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S DEPARTMENT OF HOMELAND SECURITY; MARK WAYNE MULLIN, HIS OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, IN HIS OFFICIAL AS ACTING ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-01417-LS** |

**ORDER DISMISSING CASE**

Respondents have notified the court that Petitioner was released from custody on or about October 22, 2026.[1] Petitioner filed a petition for a writ of habeas corpus regarding his detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondent,

[1] ECF No. 7.
[2] ECF No. 1.

his petition is moot.[3] The Court therefore **DENIES** Petitioner's writ of habeas corpus and **DISMISSES** this case as moot.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).